# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FASHIONCRAFT-EXCELLO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| CHEAPFAVORSHOP.COM, WEDDING | ) | |
| FAVORS.ORG, CUSTOMGIFT.COM | ) | |
| BABYFAVORS.COM, | ) | |
| OUTDOOR LIVING, INC., a.k.a | ) | |
| OUTDOORLIVING.COM, | ) | |
| WISH ROCKET, LLC, and Ronald G. | ) | |
| Spinks, Jr. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff FashionCraft-Excello, Inc. ("FashionCraft") alleges for its complaint against Defendants CheapFavorShop.com, WeddingFavors.org, CustomGift.com, BabyFavors.com, Outdoor Living, Inc., a.k.a. OutdoorLiving.com ("Outdoor Living"), Wish Rocket, LLC ("WishRocket"), and Ronald G. Spinks, Jr. (collectively "Defendants") as follows:

## NATURE OF THE CASE

1.      This is an action for copyright infringement under the federal Copyright Act, false designation of goods and trademark infringement under the federal Lanham Act, violation of the New York Consumer Protection from Deceptive Acts and Practices Act through deceptive acts and business practices and false advertising, and unjust enrichment, all stemming from Defendants' wrongful conduct by which they have been deceiving and creating confusion among consumers, usurping FashionCraft's property interests, and damaging FashionCraft's reputation. Defendants have been using FashionCraft's copyrights, trademarks, and name without

authorization to advertise, promote, offer to sell, and complete the sale of non-authentic goods that they falsely identify as being sourced from FashionCraft.  Defendants' unauthorized use of FashionCraft's copyrighted material, trademarks and name, constitutes multiple acts of infringement, false designation of the origin of Defendants' non-authentic goods, deceptive acts and practices, as well as false advertising, for which FashionCraft here seeks damages and other relief.

## PARTIES AND JURISDICTION

*Plaintiff - FashionCraft*

2.     FashionCraft, incorporated in New York State and with its principal place of business in Holbrooke, New York, designs, markets and distributes wedding and event favors and gifts.  Since at least as early as 1986, FashionCraft has been selling wedding and event gifts that feature FashionCraft's unique, copyrighted designs, and/or bear FashionCraft's trademarks or the FASHIONCRAFT name ("FashionCraft Products") throughout the United States.

3.     As a result of decades of marketing and sales, and the widespread use of its brand, name and marks, FashionCraft is well known and favorably regarded as a distributor offering unique, high quality products.

4.     Through its website, FashionCraft currently sells more than 900 different products, many of which it designed itself and manufactures through its trusted suppliers and manufacturers.  FashionCraft has carefully researched and selected its manufacturers in order to obtain high quality products, and FashionCraft's strong reputation derives in large part from the vast size of the high quality products it offers.

5.     FashionCraft is a wholesaler of FashionCraft Products and sells FashionCraft Products to consumers through authorized retailers ("Authorized Retailers").  These Authorized

Retailers offer FashionCraft Products for sale, and fulfill any orders that are placed for FashionCraft Products exclusively through FashionCraft.

6.      In order to become an Authorized Retailer, a business must request from FashionCraft to become an Authorized Retailer, and must provide to FashionCraft its name, contact information, the type of business, tax identification number, and location.   Once approved, Authorized Retailers are provided with access to a private section of the FashionCraft website, where they can then access various items and information, including a copyrighted and interactive design tool computer software program ("Design Tool"), which they can then use to advertise, promote, and sell *authentic* FashionCraft Products.

7.      FashionCraft only allows Authorized Retailers to sell genuine and authentic FashionCraft products in order to protect its brand and intellectual property, and to ensure that customers receive genuine, quality products.

8.      FashionCraft is serious about protecting its intellectual property.   FashionCraft has put all visitors to its website, including Authorized Dealers, on notice that all of the contents of FashionCraft's website, including, but not limited to FashionCraft Products, photographs, graphic designs, product descriptions, and the Design Tool, as well as the website itself, are protected by FashionCraft's copyrights, trademarks as well as any other applicable intellectual property laws. (*See* http://www.fashioncraft.com/disclaimer/).

*Defendants*

9.      Upon information and belief, Defendant CheapFavorShop.com is a business located in Texas with its principal place of business at 2910 Belmeade Dr., Suite 106, Carollton, TX 75006.   CheapFavorShop.com was, at one time, an Authorized Retailer of genuine FashionCraft products.   As an Authorized Retailer, CheapFavorShop.com, as well as all

Defendants as its affiliates, agents, directors, officers, and/or owners, knew, or should have known, that FashionCraft owned the copyright to FashionCraft's photographs, product descriptions, graphic designs, product designs, and the Design Tool, and that FashionCraft's logo, and the FASHIONCRAFT name are protected as FashionCraft's trademarks.

10.     Upon information and belief, Defendant WeddingFavors.org is a business located in Texas with its principal place of business at 2910 Belmeade Dr., Suite 106, Carollton, TX 75006.

11.     Upon information and belief, Defendant CustomGift.com is a business located in Texas with its principal place of business at 2910 Belmeade Dr., Suite 106, Carollton, TX 75006.

12.     Upon information and belief, Defendant BabyFavors.com is a business located in Texas with its principal place of business at 2910 Belmeade Dr., Suite 106, Carollton, TX 75006.

13.     Upon information and belief, Defendants CheapFavorShop.com WeddingFavors.org, CustomGift.com, BabyFavors.com, and Outdoorliving.com are all owned by, operated by, controlled by, directed by, subsidiaries of, agents of, alter-egos of, and/or affiliated with Defendant Wish Rocket, Defendant Outdoor Living, and/or Defendant Ronald G. Spinks.

14.     Upon information and belief, Defendant Wish Rocket is a limited liability company registered with the Secretary of State of Texas since 2013, with a principal place of business of 4705 Tour 18 Drive, Flower Mound, TX 75022, and an office at 2910 Belmeade Drive, Carrolton, TX 75006.

15.     Upon information and belief, defendant Wish Rocket has, at all relevant times, owned, operated, controlled or been financially responsible for the activities of Defendants CheapFavorShop.com,     WeddingFavors.org,     CustomGift.com,     BabyFavors.com,     and

4

Outdoorliving.com.

16.   Upon information and belief, at all relevant times Defendant Wish Rocket participated in, controlled, and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and profited from, realized, derived, and/or stood to realize a direct financial benefit from that wrongful conduct.

17.   Upon information and belief, Defendant Outdoor Living is a business located in Texas with its principal place of business at 2300 Highland Village Rd., Suite 830, Highland Village, TX 75077, and a mailing address of 4705 Tour 18 Drive, Flower Mound, TX 75022.

18.   Upon information and belief, Defendant Outdoor Living currently owns and/or operates at least Defendant CheapFavorShop.com.

19.   Upon information and belief, defendant Outdoor Living has, at all relevant times, owned, operated, controlled or been financially responsible for the activities of Defendants CheapFavorShop.com,   WeddingFavors.org,   CustomGift.com,   BabyFavors.com,   and Outdoorliving.com.

20.   Upon information and belief, at all relevant times Defendant Outdoor Living has participated in, controlled, and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and profited from, realized, derived, and/or stood to realize a direct financial benefit from that wrongful conduct.

21.   Upon information and belief, defendant Ronald G. Spinks, Jr. is an individual who is an officer, shareholder, and/or director of and/or owns, operates, or otherwise controls Defendant Wish Rocket, Defendant Outdoor Living, Defendant CheapFavorShop.com, Defendant WeddingFavors.org, Defendant CustomGift.com, and Defendant BabyFavors.com. Upon information and belief, Mr. Spinks has a business address of 2910 Belmeade Drive,

Carrolton, TX 75006, and resides at 4705 Tour 18 Drive, Flower Mound, TX 75022.  Upon information and belief, Mr. Spinks (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from that wrongful conduct.

22.     Upon information and belief, Defendant Ronald G. Spinks, Jr. has, at all relevant times, owned, operated, or been financially responsible for the activities of Defendant Wish Rocket, Defendants Outdoor Living, and Defendants CheapFavorShop.com, WeddingFavors.org, CustomGift.com, and BabyFavors.com.

23.     Upon information and belief, at all relevant times Defendant Ronald G. Spinks, Jr. has participated in, controlled, and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and profited from, realized, derived, and/or stood to realize a direct financial benefit from that wrongful conduct.

24.     Upon information and belief, each of the Defendants: Wish Rocket, Outdoor Living, CheapFavorShop.com, WeddingFavors.org, CustomGift.com, and BabyFavors.com, is the alter-ego of, agent of, and/or affiliated with Defendant Ronald G. Spinks, Jr.

25.     Upon information and belief, CheapFavorShop.com WeddingFavors.org, CustomGift.com, and BabyFavors.com have no identity separate and apart from Defendants Outdoor Living, Wish Rocket, and/or Mr. Spinks.

26.     Upon information and belief, at all relevant times, officers, directors, and/or employees of Wish Rocket and/or Outdoor Living directly developed, operated, and/or controlled the activities CheapFavorShop.com, WeddingFavors.org, CustomGift.com, and BabyFavors.com.

27.     Counts I and II of this Action arise under the United States Copyright Act (17

6

U.S.C. § 101, *et seq.*).  Counts III, IV, and V of this Action arise under the Lanham Act of 1946, as amended (15 U.S.C. §§ 1051 *et seq.*).  This Court has jurisdiction over these causes of action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

28.    Counts VI and VII of this Action arise under state statutory law.  This Court has jurisdiction over these claims under 28 U.S.C. § 1338(b) in that these claims are joined with substantial and related claims brought under the copyright and trademark laws of the United States (15 U.S.C. §§ 1051 *et. seq;* 17 U.S.C. § 101, *et seq.*).  This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the federal and state claims are based on the same operative facts, and because judicial economy, convenience, and fairness to the parties will result if the Court assumes and exercises jurisdiction over the state law claims.

29.    This Court has jurisdiction over Defendants at least because Defendants have transacted business in New York, contracted with parties in New York, supplied goods into New York, committed material tortious acts described in this Complaint causing injury to persons within New York, and which Defendants should reasonably have expected to have consequences in New York.  Defendants also regularly do and solicit business in New York through their websites, promoting authentic FashionCraft goods but fulfilling orders for authentic goods with non-authentic FashionCraft goods, in New York and each of the fifty states, and derive substantial revenue from interstate commerce. Venue is proper under 28 U.S.C. §§ 1391(b).

## FACTS

### FashionCraft's Registered Copyrights

30.    FashionCraft owns numerous federally registered copyrights for: genuine FashionCraft Products, graphic designs that appear on FashionCraft Products, copy describing FashionCraft Products, photographs of FashionCraft Products that appear on FashionCraft's

website, and the Design Tool.  The copyright registrations constitute prima facie evidence of the validity of FashionCraft's copyrights.

31.    FashionCraft is the owner of federally registered copyrights in the photographs appearing on its website, including, but not limited to, photographs depicting some of FashionCraft's bestselling items, such as stemless wineglasses (which themselves display FashionCraft's unique graphic designs).    These photographs are registered under U.S. Registration Nos. VA0001979809, and VA0001979782 ("Product Photos"), attached hereto as **Exhibit 1**.

32.    FashionCraft is the owner of federally registered copyrights in the descriptions of products appearing on its website, including, but not limited to copy describing some of FashionCraft's bestselling items, such as 15 ounce and 9 ounce stemless wineglasses (which themselves display copyrighted FashionCraft graphic designs and FashionCraft trademarks) and FashionCraft's unique vintage skeleton key bottle opener product.    These descriptions are registered under U.S. Registration Nos. TX0008126527, TX0008126528, and TX0008126524 ("Product Descriptions"), attached hereto as **Exhibit 2**.

33.    Although FashionCraft makes the Product Photos and Product Descriptions available to its Authorized Retailers, the only authorized use of these copyrighted materials is for the advertising, promotion, offering to sell and/or sale of ***authentic*** FashionCraft products—*i.e.*, products that are in fact manufactured for, and distributed by and through FashionCraft.

34.    FashionCraft is the owner of federally registered copyrights in numerous graphic designs, which appear on FashionCraft's website, in proprietary photographs of FashionCraft products, on authentic FashionCraft products, and as elements within FashionCraft's Design Tool.    These designs are registered under U.S. Registration Nos. VA0001979791,

8

VA0001979808, VA0001979792, VA0001979790, and VA0001979733 ("Graphic Designs"), attached hereto as **Exhibit 3**.

35.     Although FashionCraft makes the Graphic Designs available to its Authorized Retailers, the only authorized use of the Graphic Designs is for display on the website of the Authorized Retailer or as a part of the authorized use of FashionCraft's interactive design tool computer software program, and only in connection with advertising, promoting, offering to sell and/or selling *authentic* FashionCraft products—*i.e.*, products that are in fact manufactured for, and distributed by and through FashionCraft.

36.     In 2011, FashionCraft created and developed the Design Tool.  The software allows potential customers and end users to enter text and select FashionCraft's original graphic designs as well as FashionCraft's copyrighted Graphic Designs and FashionCraft's trademarks, and preview how the designs and text will appear on personalized and customized goods supplied by FashionCraft, including glassware.  Once an end user has selected a design and/or text to include on the product using the Design Tool, the customer may place an order for these customized goods.  FashionCraft is the owner of a federally registered copyright in the Design Tool, registered under U.S. Registration No. TX0008126522, attached hereto as **Exhibit 4**.

37.     FashionCraft makes the Design Tool available to Authorized Dealers to use on their websites solely for advertising, promoting, offering to sell, and selling only *authentic* FashionCraft goods, and fulfilling all orders for FashionCraft goods through FashionCraft.  The Authorized Retailers do not have the right to copy, reproduce, transmit, distribute, modify, create derivative works from, sell, or participate in the sale, of the Design Tool. (*See* http://www.fashioncraft.com/disclaimer/).

38.     FashionCraft is the owner of a federally registered copyright in at least one of its

unique products, designed by FashionCraft, the Good Luck Elephant Place Card Holder under U.S. Registration No. VA0001979789 ("Elephant" or "Product Design"), attached hereto as **Exhibit 5**.

39.     FashionCraft has never authorized CheapFavorShop.com, Defendants, or any Authorized Retailer to manufacture, copy, reproduce, modify, or create derivative works from its copyrighted and other unique products.

### FashionCraft's HEART DESIGN and FASHIONCRAFT Trademarks

40.     FashionCraft is the owner of a federally registered trademark in a Heart Shaped

Design, , U.S. Registration No. 3,362,326, which issued to FashionCraft January 1, 2008 (the "HEART DESIGN"). A copy of U.S. Registration No. 3,362,326, illustrating the trademarked design, is attached hereto as **Exhibit 6**.  This trademark is valid and subsisting, and is incontestable under 15 U.S.C. § 1065.  It constitutes prima facie evidence of the validity of the mark and serves as constructive notice of FashionCraft's ownership of the mark.

41.     FashionCraft also owns the FASHIONCRAFT trademark, and has been using the FASHIONCRAFT name in commerce in connection with wedding and event gifts and favors since at least as early as 1986.  Indeed, FashionCraft has used the FASHIONCRAFT name in commerce at least as early as 1948.

42.     FashionCraft's gifts, favors and other products are well known and highly regarded throughout the industry. The FASHIONCRAFT name, logo, and trademarks serve to identify and distinguish FashionCraft's high quality products from the products sold by other companies, and to signify the high level of quality that customers have come to expect from FashionCraft.

43.     As a result of extensive sales and promotion FashionCraft has developed extremely valuable goodwill in the FASHIONCRAFT brand.

**Defendants' Wrongful Conduct**

44.     Upon information and belief, in and about July of 2014, Defendants, realizing the goodwill and reputation that FashionCraft had built over nearly 30 years, and wishing to unjustly profit from that goodwill and reputation, began fulfilling orders for genuine FashionCraft Products with poor quality knock-offs.

45.     In particular, Defendants used FashionCraft's logo, the HEART DESIGN mark, the FASHIONCRAFT name, FashionCraft's unique product designs and proprietary photographs, and copyrighted material including FashionCraft's Graphic Designs, Product Designs, Product Photos, Product Descriptions, and Design Tool to advertise, promote, and offer to sell to the consumer and general public what Defendants purported to be quality FashionCraft brand products.

46.     Defendants advertised these products at a deep discount, and instead of using FashionCraft to fulfill numerous orders, Defendants manufactured, or had manufactured, non-authentic, infringing, and poor quality knock-off FashionCraft products, including poor quality copies of FashionCraft's unique and copyrighted products as well as, upon information and belief, affixing FashionCraft's copyrighted Graphic Designs and HEART DESIGN mark to non-authentic products that were sold to consumers throughout the United States.

47.     Upon information and belief, Defendants do not receive their imported non-authentic products from FashionCraft's manufacturer.

48.     Defendants have also allowed customers to use FashionCraft's proprietary and copyrighted software, the Design Tool, in an unauthorized fashion by permitting customers to

11

build and preview authentic FashionCraft personalized glassware and products with original and copyrighted FashionCraft designs, and then delivering counterfeit goods to those customers.

49.     Customers who have purchased products on the basis of information such as FashionCraft's HEART DESIGN mark, FASHIONCRAFT mark, and copyrighted Product Photos, Product Descriptions, and Graphic Designs (such information having been provided on Defendants' websites, including, but not limited to CheapFavorShop.com) would have expected to receive genuine FashionCraft Products, which have the level of quality that FashionCraft is known for.   But this did not occur.   Defendants' advertising and promotion was false and misleading.

50.     Defendants have also used FashionCraft's copyrighted material, trademarks, and FASHIONCRAFT mark to falsely suggest that the sale of its non-authentic FashionCraft products is affiliated with, or endorsed by, FashionCraft.

51.     Upon information and belief, Defendants have used FashionCraft's copyrighted material, FASHIONCRAFT mark, and trademarks to advertise, promote, offer to sell, and sell non-authentic, infringing, poor quality products, that they falsely hold out to be genuine quality FashionCraft Products, to hundreds and perhaps thousands of customers and potential customers throughout the United States, including in New York and in this district.

52.     Upon information and belief Defendants' unauthorized activity has taken place on at least the following websites – CheapFavorShop.com, WeddingFavors.org, CustomGift.com, and BabyFavors.com – and has been further sustained through at least Google Shopping Ads and Bonanza.com.

**Specific Examples of Defendants' Misleading Use of FashionCraft's Intellectual Property**

53.     FashionCraft's Vintage Skeleton Key Bottle Opener ("Skeleton Key") is a

popular item, designed by FashionCraft and sold by FashionCraft for years, and is known to the consumer to be made with FashionCraft's typical high quality.

54.    Upon information and belief, since at least July of 2014, Defendants have been advertising and promoting on Defendant CheapFavorShop.com's website what they purport to be FashionCraft's Skeleton Key by utilizing FashionCraft's proprietary phtographs, copyrighted Product Descriptions, the FASHIONCRAFT mark, and FashionCraft's unique product design, but have been manufacturing and selling non-authentic, low quality, and poorly executed copies of the Skeleton Key.

55.    Upon information and belief, Defendants have also been advertising and promoting on the CheapFavorShop.com website what they purport to be FashionCraft's copyrighted Elephant by utilizing FashionCraft's proprietary photographs, the FASHIONCRAFT mark, and copyrighted Product Design, but have been manufacturing and selling non-authentic, low quality, and poorly executed copies of the Elephant.

56.    As recently as November of 2015, without authorization, Defendants were advertising a vintage skeleton key bottle opener on google.com using FashionCraft's proprietary photo of the Skeleton Key.

57.    However, upon information and belief, Defendants were actually offering for sale a non-authentic vintage skeleton key, which was of lower quality than FashionCraft's Skeleton Key.  In November 2015, Defendants were advertising a price for their key that was less than the wholesale price FashionCraft charged to its Authorized Retailers.

58.    Using FashionCraft's copyrighted Product Description, as well as the FASHIONCRAFT mark, Defendants offered for sale, and upon information and belief, did sell non-authentic keys of inferior quality, and passed them off as being FashionCraft brand products.

59.     Upon information and belief, this same infringing activity has been occurring on and by the WeddingFavors.org, CustomGift.com, and BabyFavors.com websites, and has been further sustained through Google Shopping Ads and Bonanza.com.

60.     Upon information and belief, since at least the July of 2014, and through as recently as November 2015, Defendants have been, without authorization, advertising and promoting customizable glassware, including stemless wineglasses, using FashionCraft's HEART DESIGN mark and logo, the FASHIONCRAFT mark, copyrighted Product Photos, proprietary photographs, copyrighted Product Descriptions, and copyrighted Graphic Designs.

61.     Defendants have also allowed customers to use FashionCraft's proprietary and copyrighted software, the Design Tool, which permitted customers to build and preview authentic FashionCraft personalized glassware with original Graphic Designs, but then delivering non-authentic and low quality goods to those customers.

62.     In November 2015, Defendants were advertising a price for their stemless glassware on the CheapFavorShop.com website that was $0.10 less per unit than the wholesale price FashionCraft charged to its Authorized Retailers.  The graphic design used on the image of the stemless wineglasses on CheapFavorShop.com's website advertising Defendants' knock-off products, was not only an unauthorized use of FashionCraft's copyrighted double heart Graphic Design, but was also an unauthorized use of FashionCraft's HEART DESIGN trademark.

63.     Defendants' wrongful conduct has been intentional and willful.  For example, upon information and belief, while advertising Defendants' knock-off, non-authentic products through Google Ads, Defendants intentionally attempted to block FashionCraft from viewing these Google Ads, in an attempt to hide from FashionCraft Defendants' wrongful and infringing activities.

## Defendants Have Mislead Consumers in New York

64.     In November 2015, an employee of a New York business, Wrap With Us ("WWU"), placed an order on Defendant CheapFavorShop.com's website.    Using FashionCraft's copyrighted Design Tool, WWU placed an order for customized shot glasses, choosing FashionCraft's unique starburst design from a number of unique FashionCraft graphic designs that were presented, including FashionCraft's copyrighted Graphic Designs.    WWU ordered 26 glasses.    When placing the order, Defendants represented on the CheapFavorShop.com website that the order being placed was a FashionCraft item, and would be fulfilled by FashionCraft.    WWU was led to believe that it would be receiving a genuine FashionCraft personalized item, and would be receiving a quality product.

65.     The order that WWU placed was not fulfilled by FashionCraft.    Instead, WWU received a poor imitation, and an inferior quality product.    Defendants had represented to WWU that WWU would be receiving genuine, high quality FashionCraft Products, but instead, the custom printing on the glasses was of especially poor quality, containing bubbles and discoloration throughout.    In addition, FashionCraft's unique starburst graphic design that was chosen by WWU was not printed onto the glasses, instead, Defendants had altered FashionCraft's unique starburst graphic design, printing the inverse of FashionCraft's graphic design onto the product.

66.     On November 3, 2015 an employee of FashionCraft ordered personalized stemless wineglasses from the CheapFavorShop.com website.    At the time of purchase, on the webpage where the stemless wineglasses were offered for sale, Defendants held themselves out to be selling genuine FashionCraft products.    But the order placed with Defendants was not fulfilled by FashionCraft and the products received by FashionCraft were knock-offs.

67.     Defendants' actions constitute false advertising, false designation of origin of goods, and unfair and deceptive business practices.

68.     In addition, Defendants' offer for sale was unauthorized and as such infringed FashionCraft's copyrights and trademarks as detailed below.

69.     First, the webpage on CheapFavorShop.com offering FashionCraft's stemless wineglasses for sale showed a photograph of a wineglass displaying FashionCraft's copyrighted double heart graphic design.  This was an unauthorized use of FashionCraft's copyrighted Graphic Design, constituting copyright infringement.  This was also an unauthorized use of FashionCraft's HEART DESIGN mark, as the double-heart graphic design contains within it FashionCraft's heart logo and HEART DESIGN mark, constituting a violation of Sections 32 and 43(a) of the Lanham Act, trademark infringement, and false designation of origin.

70.     Second, on the webpage on CheapFavorShop.com and as a part of Defendants' offer for sale of their knock-off products, Defendants made unauthorized use of FashionCraft's copyrighted Product Description, copyrighted Design Tool, as well as the FASHIONCRAFT name and mark.  This was an unauthorized use of FashionCraft's copyrighted material, constituting copyright infringement, as well as an unauthorized use of FashionCraft's name constituting a violation of Section 43(a) of the Lanham Act—false designation of origin.

71.     The FashionCraft employee placed an order for these stemless wineglasses, and personalized the order by requesting a particular design and text.  The design that was chosen was FashionCraft's copyrighted graduation-themed Graphic Design, which was also identified in the correspondence to the purchasing employee according to the same unique internal code (G_007) by which FashionCraft identifies this design.

72.     However, when the products arrived, not only were the ordered products not

16

supplied by FashionCraft, Defendants had substituted their own design onto the glasses. Defendants had advertised the products as FashionCraft products, provided a selection of FashionCraft's unique graphic designs for personalization, including copyrighted Graphic Designs, and even though the FashionCraft employee had ordered a copyrighted FashionCraft Graphic Design, Defendants did not deliver what was ordered.   These actions constitute copyright and trademark infringement, false advertising, false designation of the origin of goods, and deceptive and unfair business practices.

## Defendants' Deceptive Acts Have Caused Injury to FashionCraft

73.   Defendants' wrongful acts, including the infringement of FashionCraft's copyrighted material, trademarks, FASHIONCRAFT name, and logo, as well as Defendants' misleading and deceptive practices and false advertising,  have caused injury to FashionCraft in the form of, at least, lost profits, lost sales, loss of goodwill and reputational damage.

74.   Beginning in 2010, sales of FashionCraft's customized stemless wineglasses increased year upon year, with an average increase of 89% per year.  But after Defendants' infringement and other wrongful conduct began, sales dropped.  For example, in 2015, orders of FashionCraft's stemless wineglasses fell by 26%.  This decrease and loss in sales is contrary to the market trend and, upon information and belief, is attributable to Defendants' deception, passing-off, false advertising, and infringement.

75.   Beginning around July 2014, the orders placed with FashionCraft by Defendants, and Defendant CheapFavorshop.com in particular, decreased dramatically.  During comparable time periods in 2014 and 2015, the number of Skeleton Keys ordered by Defendant CheapFavorShop.com decreased by approximately 96%.

76.   Upon information and belief, this decrease cannot be attributed to market forces.

This decrease is inconsistent with both the significant resources that Defendants have put towards buying Google advertising in 2015 for the Skeleton Key, as well as the fact that Defendants were still advertising these products using FashionCraft's unique designs, proprietary photographs, copyrighted Product Descriptions, and the FASHIONCRAFT name.

77.     In addition, FashionCraft's own decrease in sales for the Skeleton Key from 2014 to 2015 was significantly less than Defendant CheapFavorShop.com's.

78.     Orders that CheapFavorShop.com placed with FashionCraft for stemless wineglasses also decreased significantly from 2014 to 2015.  Comparing the first ten months of 2014 to the first ten months of 2015, the number of personalized stemless wineglasses ordered by Defendant CheapFavorShop.com from FashionCraft decreased by approximately 93%.

79.     Upon information and belief, this decrease cannot be attributed to market forces. This decrease is inconsistent with the fact that Defendants were still advertising these products using FashionCraft's proprietary photographs, copyrighted Graphic Designs, Product Photos, and Product Descriptions, as well as FashionCraft's HEART DESIGN mark and logo and the FASHIONCRAFT name.   In addition, FashionCraft's own decrease in sales for stemless wineglasses from 2014 to 2015 was significantly less than Defendant CheapFavorShop.com's.

80.     The   decrease   in   orders   placed   with   FashionCraft   by   Defendant CheapFavorShop.com and the associated lost profits, is directly attributable to Defendants' deception, passing-off, false advertising, and infringement.

81.     Upon information and belief, Defendants' wrongful acts have also caused injury to FashionCraft in the form of, at least, lost profits and lost sales in connection with numerous other products not specified above.

82.     Upon   information   and   belief,   Defendants'   deception,   passing-off,   false

18

advertisement, and infringement have also caused injury to the goodwill and reputation of FashionCraft through the sale of inferior quality products that Defendants have held out to be supplied by FashionCraft.

## COUNT I

### COPYRIGHT INFRINGEMENT
### Copyright Act, 17 U.S.C. §§ 101 *et. seq.*

83.    FashionCraft adopts and incorporates by reference paragraphs 1 through 82 as if fully restated herein.

84.    FashionCraft's Graphic Designs, including the double heart design and graduation design, Product Photos, Elephant Product Design, Design Tool, and Product Descriptions ("FashionCraft Intellectual Property"), are the subject of valid certificates of registration of copyrights.

85.    FashionCraft has been and is the owner and proprietor of all right, title, and interest, including the copyrights, in and to FashionCraft's Intellectual Property.

86.    Defendants had access to FashionCraft Intellectual Property.

87.    Defendants, without FashionCraft's authorization, approval, permission, or license, have copied, distributed, and displayed the protected expression in FashionCraft's copyrighted works, intentionally infringing FashionCraft's exclusive rights under FashionCraft's copyrights in violation of the federal Copyright Act, 17 U.S.C. §§ 101 *et seq.*

88.    Defendants have also, without FashionCraft's authorization, approval, permission, or license, prepared derivative works based on FashionCraft's Graphic Designs and Elephant, intentionally infringing FashionCraft's exclusive rights under FashionCraft's copyrights in violation of the federal Copyright Act, 17 U.S.C. §§ 101 *et seq.*

89.    On information and belief, Defendants committed these acts willfully, with full

knowledge of FashionCraft's copyrights.

90.      As a direct result of their infringement, Defendants have thereby made, and are continuing to make, substantial profits and/or monetary gains to which they are not in law or equity entitled.

91.      Under 17 U.S.C. § 504 FashionCraft is entitled to its damages resulting from the infringement plus an accounting of Defendants' profits resulting from the infringement.

### COUNT II
### CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT
#### Copyright Act, 17 U.S.C. §§ 101 *et. seq.*

92.      FashionCraft adopts and incorporates by reference paragraphs 1 through 91 as if fully restated herein.

93.      By their actions alleged above, Defendants have encouraged, assisted, induced, supervised, caused, and/or materially contributed to the copyright infringement of FashionCraft Intellectual Property complained of herein.

94.      Defendants knew or had reason to know of the direct infringement of FashionCraft Intellectual Property.

95.      Defendants have deliberately disregarded and otherwise consciously avoided learning about the full extent of the infringing activities detailed in this Complaint.

96.      Defendants actively promoted, permitted, encouraged and facilitated the infringement.

97.      Defendants' encouragement, assistance, inducement, and material contribution to the infringement was without the consent of FashionCraft and was not otherwise permissible under the Copyright Act.

98.      Defendants' infringement, and contribution thereto, of FashionCraft Intellectual

Property has been deliberate, knowing, and in utter disregard of FashionCraft's rights.

## COUNT III

**FEDERAL TRADEMARK INFRINGEMENT**
**Section 32 of the Lanham Act, 15 U.S.C. § 1114**

99.     FashionCraft adopts and incorporates by reference paragraphs 1 through 98 as if fully restated herein.

100.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant . . . use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant."

101.     Defendants have marketed and promoted sale of their products through the unauthorized use of the federally registered HEART DESIGN trademark.  Defendants' unauthorized use of FashionCraft's federally registered HEART DESIGN trademark in interstate commerce in connection with the sale, offering for sale, distribution, promotion and advertising of their goods and services has caused, and is likely to cause, confusion, mistake and deception as to the source and authority for offering Defendants' products, and as to the quality of those products.  Defendants' actions therefore infringe the exclusive rights granted to FashionCraft by its federal trademark registration, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

102.     Defendants' use of the HEART DESIGN trademark in connection with the aforementioned infringing activities constitutes a misappropriation of FashionCraft's

distinguishing and identifying federally registered trademark that was created as a result of significant effort and expense by FashionCraft over time.  Defendants' use of FashionCraft's HEART DESIGN trademark evokes an immediate, favorable impression or association and constitutes a false representation that Defendants' products are manufactured, sold, or provided by FashionCraft or have some connection, association or affiliation with FashionCraft, and is likely to mislead the trade and public into believing that Defendants' inferior products are manufactured, sold, provided, authorized, approved or sanctioned by FashionCraft, or that Defendants were affiliated with or sponsored by FashionCraft.

103.    As a direct and proximate result of Defendants' infringing activities and unauthorized use of FashionCraft's HEART DESIGN trademark, FashionCraft has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation and goodwill.

104.    Defendants' use of FashionCraft's HEART DESIGN trademark is willful, intentional, and egregious and makes this an exceptional case pursuant to 15 U.S.C. § 1117.

## COUNT IV

**TRADEMARK INFRINGEMENT**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

105.    FashionCraft adopts and incorporates by reference paragraphs 1 through 104 as if fully restated herein.

106.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof . . . which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods,

22

services, or commercial activities . . . shall be liable."

107.   Defendants have marketed and promoted the sale of their products through the unauthorized use of the FASHIONCRAFT trademark.  Defendants' unauthorized use of the FASHIONCRAFT trademark in interstate commerce in connection with the sale, offering for sale, distribution, promotion and advertising of their goods and services has caused, and is likely to cause, confusion, mistake and deception as to the source and authority for offering Defendants' products, and as to the quality of those products.  Defendants' actions therefore infringe FashionCraft's rights in the FASHIONCRAFT trademark, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

108.   Defendants' use of the FASHIONCRAFT trademark in connection with the aforementioned infringing activities constitutes a misappropriation of FashionCraft's distinguishing and identifying trademark that was created as a result of significant effort and expense by FashionCraft over time.  Defendants' use of the FASHIONCRAFT trademark evokes an immediate, favorable impression or association and constitutes a false representation that Defendants' products are manufactured, sold, or provided by FashionCraft or have some connection, association or affiliation with FashionCraft, and is likely to mislead the trade and public into believing that Defendants' inferior products are manufactured, sold, provided, authorized, approved or sanctioned by FashionCraft, or that Defendants are affiliated with or sponsored by FashionCraft.

109.   As a direct and proximate result of Defendants' infringing activities and unauthorized use of the FASHIONCRAFT trademark, FashionCraft has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation and goodwill.

110.   Defendants' use of the FASHIONCRAFT trademark is willful, intentional, and egregious and makes this an exceptional case pursuant to 15 U.S.C. § 1117.

**COUNT V**

**FALSE DESIGNATION OF ORIGIN**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

111.   FashionCraft adopts and incorporates by reference paragraphs 1 through 110 as if fully restated herein.

112.   Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits "any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics [or] qualities . . . of his or her or another person's goods, services, or commercial activities . . . ."

113.   Defendants have made false representations, false descriptions, and false designations of their goods in violation of 15 U.S.C. § 1125(a).

114.   Defendants' unauthorized use in interstate commerce of FashionCraft's HEART DESIGN mark in connection with the sale, offering for sale, distribution, promotion and advertising of their goods and services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of FashionCraft with Defendants, or as to the origin, sponsorship or approval of Defendants' products by FashionCraft.

115.   As a direct and proximate result of Defendants' actions, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), FashionCraft has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation and goodwill.

116.   Defendants' advertising and promotion has also misrepresented and currently misrepresents the nature, characteristics, and qualities of Defendants' products, all within the

24

meaning of Section 43(a) of the Lanham Act. These actions by the Defendants are likely to influence the purchasing decisions of consumers.

117. Without the consent or approval of FashionCraft, Defendants have used and are using in commerce the HEART DESIGN and the FashionCraft designation, and have made false and misleading representations, in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' products with FashionCraft, or as to the origin, sponsorship or approval by FashionCraft of Defendants' products, all within the meaning of Section 43(a) of the Lanham Act. These actions by the Defendants are likely to influence the purchasing decisions of consumers.

118. Defendants' conduct is willful, intentional, and egregious and makes this an exceptional case pursuant to 15 U.S.C. § 1117.

<u>COUNT VI</u>
**N.Y. CONSUMER PROTECTION ACT**
**N.Y. Gen. Bus. Law § 349 (Deceptive Acts and Practices)**

119. FashionCraft adopts and incorporates by reference paragraphs 1 through 118 as if fully restated herein.

120. Defendants hold themselves out to the public, through their websites, as selling authentic FashionCraft Products, but then substitute their own poor quality, infringing, and knock-off goods to the consumer.

121. Defendants' offers for sale, advertising, and passing off of their own non-authentic goods as those of FashionCraft, are misleading in a material respect.

122. These deceptive acts and practices of Defendants are causing a likelihood of confusion or misunderstanding as to the source of the products received, sponsorship, and/or approval of Defendants' inferior goods. This has caused Plaintiff to suffer economic and reputational injury.

25

## COUNT VII
## N.Y. CONSUMER PROTECTION ACT
### N.Y. Gen. Bus. Law § 350 (False Advertising)

123.    FashionCraft adopts and incorporates by reference paragraphs 1 through 122 as if fully restated herein.

124.    Defendants hold themselves out to the public, through their websites, as selling authentic FashionCraft Products, but then substitute their own poor quality, infringing, and knock-off goods to the consumer.

125.    Defendants' offers for sale and advertising, and then passing off of their own non-authentic goods as those of FashionCraft, are misleading in a material respect.

126.    These deceptive acts and practices of Defendants are causing a likelihood of confusion or misunderstanding as to the source of the products received, sponsorship, and/or approval of Defendants' inferior goods.   This has caused Plaintiff to suffer economic and reputational injury.

## PRAYER FOR RELIEF

WHEREFORE, FashionCraft requests that judgment be granted in its favor and against Defendants and that this Court award it at least the following relief:

(b)    Damages in an amount to be proven at trial sufficient to compensate FashionCraft for all of the damages caused by, and that will be caused by, Defendants' conduct, as well as disgorgement of all benefit, profit and unjust enrichment obtained by Defendants as a result of their conduct;

(c)    Punitive damages, in an amount to be determined at trial;

(d)      All attorneys' fees and costs that are permitted pursuant to each of the separate claims in this Complaint and incurred by FashionCraft in connection with this matter, which is an exceptional case under Section 35 of the Lanham Act;

(e)      All pre- and post-judgment interest to which FashionCraft is entitled; and

(f)      Any and all other relief that this Court deems just.

## JURY DEMAND

FashionCraft hereby demands a trial by jury on all issues as to which jury trial by jury is appropriate.

Dated:  January 25, 2016                           By:   /s/ *Brian D. Siff*
                                                          Brian D. Siff
                                                          SCHIFF HARDIN LLP
                                                          666 Fifth Avenue, Suite 1700
                                                          New York, NY 10103
                                                          212-753-5000

                                                          *Attorneys for Plaintiff*
                                                          *FashionCraft-Excello, Inc.*